(119 App. Div. 36)

### MacKELLAR v. THOMPSON (two cases).

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

1. EXCHANGE OF PROPERTY—FRAUD.

In an action on notes given in part consideration for the exchange of properties, evidence examined, and *held* insufficient to show that there was misrepresentation made as to the value of the property.

2. SAME—EVIDENCE.

The fact that the agent of one of the parties to an exchange of lands divided commissions with the other party on the transaction does not show a conspiracy between them to obtain from the principal more money than the property was worth.

Appeal from Trial Term, Nassau County.

Actions by Thomas MacKellar against La Marcus A. Thompson. From judgments for defendant, as well as certain orders herein entered, plaintiff appeals. Reversed, and new trials ordered.

Argued before HIRSCHBERG, P. J., HOOKER, RICH, and GAYNOR, JJ.

J. Garfield Purdy, for appellant.
Robert H. Elder, for respondent.

HOOKER, J. Plaintiff commenced two actions against the defendant upon promissory notes given as part of the consideration of an exchange of properties. In the first action the defendant set up misrepresentation and fraud as a defense and a counterclaim for the damages he claims he sustained by reason of the misrepresentation and fraud; and in the second action he set up the misrepresentation and fraud as a defense. The cases were tried together. The jury awarded the defendant a verdict in the first case equal to the full amount of his counterclaim, and in the second case the verdict was "No cause of action." The plaintiff appeals from the judgments entered upon these several verdicts.

At the time of the trade, the title to the property which the defendant received was in a stranger by an unrecorded deed of which the defendant had no notice. When the trade was consummated the unrecorded deed was returned to the grantor and destroyed; and the court very properly withdrew from the jury's consideration the question whether any fraud had been perpetrated upon the defendant by reason of a sale to him at a time when the title seeemed to be in the third party. The theory on which the defendant seeks to sustain the judgments is that the value of the lands he took in exchange was represented to be far greater than the fact, and that the plaintiff knew the truth. Inasmuch as he relied wholly upon his agent, Farnsworth, and trusted the matter entirely to his judgment, and had never discussed with the plaintiff the matter of the value of this property, the defendant has found it necessary to rely upon misrepresentations made to his agent, Farnsworth. Farnsworth was, however, not called as a witness, although it is apparent that both sides tried to procure him. The only witness by whom the defendant sought to show misrepresentations to Farnsworth was Mr. MacFarlane. He testified that the plaintiff called upon him at his request and volunteered to tell him, after being advised that any statements he made would be used against him, what his negotiations with Farnsworth were. By the evidence of this witness all that appears is that the plaintiff told Farnsworth the price he was asking was $20,000; but nowhere in Mr. MacFarlane's evidence is it made to appear that the plaintiff even so much as made a representation to Farnsworth in respect to the worth or the value of the property. In rebuttal, the plaintiff specifically denied mentioning the subject of value to Mr. Farnsworth, and stated that the only figures he spoke of related to the price he asked for the property. There is no other evidence of misrepresentation, and it must be apparent that this is not sufficient to sustain verdicts.

for defendant on the ground of misrepresentation and fraud; for there is here no proof of any misrepresentation whatever.

The defendant makes the further claim that the plaintiff and Farnsworth, the defendant's agent, conspired to defraud him. The only evidence which it is claimed sustains this theory of conspiracy is that after the exchange was arranged they two divided commissions on the transaction. The evidence upon this branch of the case is that at the time the deal was about to be consummated Farnsworth claimed the commissions should be 2½ per cent., while the plaintiff claimed they should be but 1 per cent., because the property was in the city. To settle their difference, they agreed to divide the commissions. They figured 2½ per cent. on the whole sum involved. The plaintiff asked Farnsworth what he was to get, and the latter replied that the defendant had promised to pay him $200 for his services. So they added together the amount, which equaled 2½ per cent. and the $200, and divided the total in two parts; the arrangement being that the plaintiff was to receive one part and Farnsworth the other. The evidence falls far short of establishing any conspiracy between them to obtain from the defendant more money than the property was worth; for the division of the commissions is as susceptible of innocent interpretation as guilty.

The judgments and orders must be reversed, as against the weight of evidence, and new trials granted, costs to abide the event, upon payment by the plaintiff of the costs of the trials already had.